King, J.
BACKGROUND
The plaintiffs filed this action on November 7, 1996, challenging certain steps taken by the defendants to implement the Sex Offender Registration Act, G.L.c. 6, §178 (the Act).
Plaintiff Committee for Public Counsel Services (CPCS), is the agency responsible for representing indigent persons who are entitled to the assistance of counsel in civil and criminal matters pursuant to G.L.c. 21 ID, §5 and S.J.C. Rule 3:10. Under the Act, CPCS is responsible for representing indigent persons in Superior Court seeking judicial review as provided in Section 178M of the Act. The plaintiffs Charles Coe and Sam Smith are the only two individual plaintiffs actually identified in the amended complaint. They are both sex offenders as defined by the Act. Charles Coe is a client of CPCS who intends to seek judicial review under the Act. Sam Smith is identified as an individual currently serving a sentence at the Southeastern Correctional Institution. Upon his release, Sam Smith may also seek judicial review under the Act.
The defendants are the Sex Offender Registry Board (the Board), the Attorney General, the Criminal History Systems Board, the Executive Secretary of Public Safety and the Chiefs of Police of the towns where the individual plaintiffs reside.
On November 11, 1996, the court, Ball, J., granted a temporary restraining order enjoining dissemination of the identity of sex offenders classified by the Board. On November 12, the court, King, J., extended the temporary restraining order until November 21, 1996. On November 21, 1996, after hearing on the instant motion for preliminary injunction, the court took the motion for a preliminary injunction under advisement. The court declined to extend the temporary restraining order at that time because no sex offender information would be disseminated by the Board prior to late December, by which time the court anticipated issuing a ruling on this motion. Prior to the hearing on the motion, the parties reached agreement on many of the procedures to be followed by the Board. As a consequence, the motion for a preliminary injunction was limited to a single issue, namely, whether the plaintiffs are entitled to an injunction prohibiting the Board from disseminating information about certain sex offenders before the court ruled on the sex offenders’ complaints for judicial review.
For the reasons set forth below, the plaintiffs’ motion for a preliminary injunction will be ALLOWED.
THE ACT
The Act was signed into law by the Governor on August 5, 1996. Under the Act, any person convicted, *314 after August 1, 1981, of any crime categorized in the statute as a “sex offense" must register with the Board.[3]The Board transmits the information collected to the “police departments where the sex offender intends to live and work and where the offense was committed and to the Federal Bureau of Investigation.” G.L.c. 6, §178K.
The Board, as required by the Act, has promulgated guidelines for classifying registrants into three categories based on the risk of re-offense: level one for low risk of re-offense; level two for moderate risk of re-offense; and, level three for high risk of re-offense. Id. In making this determination, the Board is to be guided by at least the twelve factors set out in the statute, including information submitted by the offender or his or her attorney. Id.
These guidelines provide for three levels of notification depending on the sex offender’s risk of re-offending.
(1) Level one sex offender information is simply transmitted “to the police departments where the sex offender intends to live and work and where the offense was committed and to the Federal Bureau of Investigation." G.L.c. 6, §178K(2)(a).
(2) For level two sex offenders, the community notification plan requires:
the police department to notify organizations in the community which are likely to encounter the offender including, but not limited to, schools, day care centers, religious and youth organizations, and sports leagues.
G.L.c. 6, §178K(2)(b).
(3) For level three sex offenders, the community notification plan requires:
the police department to notify organizations in the community which are likely to encounter the offender and individual members of the public which are likely to encounter the offender.
G.L.c. 6, §178K(2)(c). For level two and level three sex offenders, the police must disseminate the offenders’s name, home address, work address, the offense involved, age, sex, race, height, weight, and a photograph.[4] Id.
Any person classified as either level two or level three has the right to challenge their classification in the Superior Court as follows.[5]
[Level two or three registrants] may petition the superior court where the offender resides or intends to reside to challenge his risk designation. Such offender may request an opportunity to appear and be heard. At such hearing, the rules of evidence shall not apply and the court may review materials described in the guidelines. The court shall, if requested appoint counsel to represent the sex offender in the proceedings if the offender is deemed indigent ... An attorney employed by the board may make an appearance to defend the designation given . . . and to represent the public interest. The court may modify the risk designation . . . only if such designation is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. The court shall reach its final decision within sixty days of the offender’s petition. The court shall keep the proceedings conducted ... and the [accompanying] records from such proceeding confidential.
G.L.c. 6, §178M.
In a letter dated November 15, 1996, the Attorney General detailed the registration and notice procedures that the Board will follow for all registrants.[6] Those procedures may be summarized as follows:
1. Persons who have been registered as sexual offenders will be mailed a letter notifying them of the pending classification by the Board.
2. The individual may submit materials to the Board within twenty days of the date of the letter.
3. After the Board makes its classification decision, the individual will be notified by certified mail of the decision.
4. Dissemination will not commence until fourteen days after the registrant receives the letter or until after the Postal Service has returned the letter to the Board as undelivered.
5. No stay will be given to any person who seeks judicial review, as the Board’s decision is “presumptively valid.” Any stay of dissemination must be obtained by the registrant from the Superior Court.
The plaintiffs argue that the Act requires a dissemination stay until the Superior Court has ruled on the classification appeal. The defendants, on the other hand, contend that nothing in the statute provides for a stay.
DISCUSSION
To obtain a preliminary injunction, the plaintiffs must establish that they are likely to succeed on the merits of their claim and that the failure to issue injunctive relief will likely subject them to irreparable harm. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-18 (1980). The plaintiffs have established that they will suffer irreparable harm if injunctive relief is not granted. The Board plans to disseminate information concerning persons classified as level two or level three sex offenders fourteen days after the sex offenders have been notified of their classification even if judicial review is sought. Without doubt, once classification information is disseminated to the public, no judicial remedy would be available to correct an erroneous classification. In other jurisdictions where sex offender notification has taken place, offenders have been hounded by the press, lost their employment, lost their businesses, lost their homes, *315 and have been threatened and assaulted. Doe v. Pataki, 940 F.Supp. 603, 608-11 (S.D.N.Y. 1996).
The plaintiffs have also established a likelihood of success after a hearing on the merits of their claim. The United States Constitution provides that no State shall “deprive any person of life, liberty or properly, without due process of law." U.S. Const. Amend. XTV, §1. This constitutional claim turns on two questions. First, whether a protected liberty or property interest in implicated by the dissemination of the plaintiffs’ classifications and, second, whether the procedures provided for protecting any such interest meet constitutional requirements. Valmonte v. Bane, 18 F.3rd 992, 998 (2d Cir. 1994).[7]
The Supreme Court of New Jersey recently had occasion to address both of these issues when considering the constitutionality of New Jersey’s sex offender registration and notification statute. Doe v. Poritz, 142 NJ 1 (1995). The New Jersey statute provided for the dissemination of the same type of information as the Act. In Poritz, the New Jersey Supreme Court recognized that a sexual offender has a protected interest with regard to the public disclosure of detailed personal information including home address, place of employment, age, sex, race, height, weight, eye and hair color and a photograph. Id. at 103.[8] The court also held that judicial review prior to public notification was constitutionally required under the Fourteenth Amendment to the United States Constitution. Id. at 106.
The defendants contend that the process afforded to sexual offenders prior to dissemination of their classifications is sufficient to meet constitutional requirements. The court disagrees. The level of process one is entitled to depends upon the particular deprivation at issue. See Matthews v. Eldridge, 424 U.S. 319, 334 (1976). Given the devastating consequences that public disclosure is likely to have on a sex offender’s privacy interests, due process requires an opportunity to appear and be heard prior to dissemination. The court is not persuaded by the defendants’ argument that the Board’s classification decision is analogous to an administrative agency’s findings under G.L.c. 30A, the Administrative Procedures Act. Although that statute provides that the filing of a complaint for judicial review does “not operate as a stay of enforcement of the agency decision,” G.L.c. 30A, §14(3), the Act makes no reference to G.L.c. 30A. Moreover, the classification procedures followed by the Board lack the procedural safeguards contained in G.L.c. 30A, §10, including an opportunity to present witnesses and to challenge evidence introduced before the administrative agency.
The court now turns to the issue of whether the Act provides for a dissemination stay pending judicial review. Admittedly, the Act does not directly address this issue. The court has a duty to construe the act “to avoid an unconstitutional result or the likelihood thereof,” Adamowicz v. Ipswich, 395 Mass. 757, 763-64 (1985), so long as “reasonable principles of interpretation permit it.” School Committee of Greenfield v. Greenfield Educ. Ass’n., 385 Mass. 70, 79 (1982). Mindful of this responsibility, the court now examines the judicial review provision of the Act to determine whether the Legislature intended a dissemination stay pending judicial review. Section 178M of the Act provides as follows:
An offender who has been given a level two or level three designation may petition the superior court where the offender resides or intends to reside to challenge his risk designation. Such offender may request an opportunity to appear and be heard. At such hearing, the rules of evidence shall not apply and the court may review any materials described in the guidelines. The court shall, if requested, appoint counsel to represent the sex offender in the proceedings if the offender is deemed indigent . . . The court may modify the designation given by the sex offender registry board only if such designation is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. The court shall reach its final decision within sixty days of the offender’s petition for review. The court shall keep proceedings conducted pursuant to this paragraph and records from such proceedings confidential.
The Legislature recognized the seriousness of what was at stake for the sexual offender by requiring the appointment of counsel to indigent persons and by permitting a judicial hearing broader in scope than the hearing before the Board. The requirement that the court reach a final decision within sixty days coupled with the requirement that the proceedings be kept confidential, indicate that the Legislature intended that there should be no dissemination until a judicial decision on the Board’s classifications. There would simply be no point in requiring an expedited hearing and maintaining the confidentiality of the court proceedings if the Board could disseminate the information to the public during the pendency of the complaint for judicial review.[9] After considering the Act in its entirety, the court concludes that it is reasonable to infer that the Legislature intended that dissemination be stayed pending judicial review. Under these circumstances, the plaintiffs are entitled to the issuance of a preliminary injunction.
ORDER
For the foregoing reasons, plaintiffs’ motion for preliminary injunction is hereby ALLOWED.
The Sex Offender Registry Board is preliminarily enjoined from disseminating information about any sex offender’s classification pursuant to G.L.c. 6, § 178K until after the Superior Court has issued a final order on the individual sex offender’s petition for judicial review. It is further ordered that the said Board shall notify offenders who are so classified that no dissemination of their classification shall take place *316 pending judicial review of the Board’s classification decision.

 G.L.c. 6, §178C includes within the definition of “sex offense" persons convicted of various sexual offenses including indecent assault and battery on a child under 14, rape, and engaging in open and gross lewdness and lascivious behavior.

 Although the plaintiffs claim that notification for level three offenders will be accomplished “by either cable television, local newspaper and or posting the information in public areas,” nothing in the statute sets out any particular means of notification.

 Level one determinations are final and not subject to judicial review. G.L.c. 6, §178 K(3).

 The letter is attached to this decision as Exhibit A. [Editor’s Note: Not included in the reported opinion.]

 Prior to its enactment, the Legislature requested an opinion from the Supreme Judicial Court concerning the constitutionality of “an Act relative to sex offender registration, community notification, and information access” which was being considered by the Legislature. Opinion of the Justices, 423 Mass. 1201 (1996). The Supreme Judicial Court in that case was not asked for an opinion concerning the issue that is presently before this court. Moreover, the statute which was finally enacted contained a number of changes from the bill that was before the Supreme Judicial Court.

 The defendants rely on Paul v. Davis, 424 U.S. 693 (1976), to support their position that dissemination of sexual offender classifications do not implicate a protected liberty or property interest. The facts of this case are distinguishable from the facts in Paul where the police disseminated information concerning arrests which was a matter of public record. Here, the statute requires the dissemination of information about the sex offender which is not a matter of public record including home address and place of business.

 Section 178K(1) of the Act requires the Board to “make recommendations to the Superior Court regarding risk levels and community notification plans in the cases where the offender has a right to judicial review and has requested a hearing as provided in Section one hundred and seventy-eight L." There is, however, no Section 178L in the statute. This suggests that the lack of any direct provision for a stay pending judicial review might have resulted from a scrivener’s error.